IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

GMC CONTRACTING, INC., an Alaska )
~~corporation,~~ )
     Plaintiff(s), )
 )
VS. )
 )
 ) CASE NO. 3AN-12- 6209 CI
THE DELANEY GROUP, INC. dba )
TETRA TECH CONSTRUCTION, a New ) SUMMONS AND
~~York corporation~~ ) NOTICE TO BOTH PARTIES
     Defendant(s). ) OF JUDICIAL ASSIGNMENT
 )

To Defendant: __CT Corporation System as Registered Agent for The Delaney Group, Inc. dba Tetra Tech Construction__
You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) __Traeger Machetanz__, whose address is: __745 W. 4th Ave., Suite 502, Anchorage, AK 99501__.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[x] This case has been assigned to Superior Court Judge __CLARK__
  and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

__3-29-12__
Date

By: _____
    Deputy Clerk

I certify that on __3-29-12__ a copy of this Summons was [ ] mailed [x] given to
[ ] plaintiff [x] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(st.3)               Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Traeger Machetanz
Jessy Vasquez
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106
Fax: (907) 682-6234

Attorneys for Plaintiff

COPY
Original Received
MAR 29 2012
Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GMC CONTRACTING, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE DELANEY GROUP, INC. dba TETRA TECH CONSTRUCTION, a New York corporation,<br><br>Defendant. | Case No. 3AN-12-6209 CI |

## COMPLAINT FOR MONEY DAMAGES

Comes now plaintiff GMC Contracting, Inc. ("GMC"), and for its complaint against The Delaney Group, Inc. dba Tetra Tech Construction ("Delaney") alleges, states and claims as follows:

### PARTIES AND JURISDICTION

1. GMC is an Alaska corporation in good standing, having paid all taxes and filed all reports which are a prerequisite to its right to bring this action.

Complaint for Money Damages
GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech, Case No. 3AN-12-6209 CI   Page 1 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 2 of 12

2. Delaney is a New York corporation that engages in trade and commerce and has conducted business in the State of Alaska and is subject to personal jurisdiction pursuant to AS 09.05.015. During the time frame relevant to this matter Delaney and its employees would identify Delaney as doing business under the name Tetra Tech Construction.

3. This court has subject matter jurisdiction pursuant to AS 22.10.020.

4. This court has venue pursuant to Alaska R. Civ. P. 3.

## GENERAL ALLEGATIONS

5. GMC incorporates by reference the allegations made in paragraphs 1 through 4 above.

6. In or about spring, 2010, GMC approached Delaney with an opportunity to participate in the design and construction of a wind farm on Fire Island, Alaska ("project") for Cook Inlet Regional, Inc. ("CIRI").

7. Shortly thereafter, GMC and Delaney proceeded together in an effort to obtain the project, with the understanding and agreement that, if successful, Delaney would act as project design-builder and GMC would be Delaney's civil and earthwork subcontractor.

8. Throughout this period of time, Delaney touted to CIRI and its project manager the benefits of having GMC as it's civil and earthwork subcontractor, a local subcontractor.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI    Page 2 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 3 of 12

9. Throughout this time, GMC lobbied for the project with state legislators and the local electric association.

10. Over the course of the next several months, GMC and Delaney met with CIRI's project manager, Summit, and explored various options for reducing the scope and cost of the project. During this time period, GMC also performed some preliminary construction work on the project, both pursuant to contract with CIRI and pursuant to contract with Delaney.

11. In the summer of 2011, the scope of the work was sufficiently defined to enable Delaney to submit a cost proposal to CIRI to perform the project. Similarly, the civil and earthwork portion of the work was sufficiently defined to enable GMC to submit a cost proposal to Delaney to perform that portion of the project work. GMC's proposal to perform the civil and earthwork portion of the project was incorporated into Delaney's price proposal to CIRI.

12. CIRI awarded the prime contract to Delaney to perform the project in late fall, 2011, and the contract price included the amount bid by GMC for the civil and earthwork portion of the project.

13. It is customary in the Alaska construction community that if a prime contractor utilizes the subcontractor's proposal in its proposal to the owner, that the prime contractor is bound to use the services of the subcontractor with respect to the phases of work upon which the subcontractor had submitted a proposal to the prime contractor.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI        Page 3 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 4 of 12

14. Upon receipt of award and limited notice to proceed, Delaney proceeded to deal with GMC in a manner entirely consistent with Alaska construction community customs and expectations.

15. In anticipation of an early project start, GMC contracted with Delaney to mobilize to the site, and in fact did mobilize its equipment to the site to perform its civil and earthwork services with an anticipated start date of April, 2012.

16. Throughout this period of time, Delaney repeatedly made reference to GMC as being the project civil and earthwork subcontractor and in discussions with GMC, discussed how "we" should approach the project.

17. At or about the time the project was awarded to Delaney, Delaney's project manager left Delaney to take another job, but not before he reiterated to Delaney that GMC was the project civil and earthwork subcontractor.

18. Delaney's replacement project manager continued to work with GMC on refining the design and price as contemplated by the agreement between the parties. Delaney began to demand that GMC provide details of how it planned to perform the work – seeking information such as assumed quantities, equipment mix, source of equipment rentals, labor assumptions and overall approach to the work. Because GMC understood that there was an agreement that it would be the civil and earth work subcontractor, GMC provided the requested information to Delaney. At no point prior to mid-March did Delaney ever indicate to GMC that GMC was no longer the civil and earthwork subcontractor on the project.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI    Page 4 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 5 of 12

19. On or about March 6, 2012, GMC was informed by Delaney that it would not be performing the civil and earthwork portion of the project, and that instead Delaney would be self-performing that portion of the project work.

## COUNT I—BREACH OF EXPRESS CONTRACT

20. GMC incorporates by reference paragraphs 1 through 19 above.

21. Through their statements and course of conduct, GMC and Delaney entered into a binding contract pursuant to which GMC agreed to perform the civil and earthwork portion of the project for Delaney for the price contained in the sub-bid, subject to any agreed upon changes to such contract.

22. Delaney breached its express contract with GMC, including without limitation the implied covenant of good faith and fair dealing, when it refused to allow GMC to perform pursuant to the terms of the contract and, instead, chose to self-perform the work.

23. As a proximate result of Delaney's refusal to honor its contract with GMC, GMC has been denied the opportunity to make a profit on its project work and recover a portion of its general overhead from the project subcontract proceeds (collectively "margin").

24. GMC is entitled to recover its lost margin, which is in the approximate amount of $1.6 million.

## COUNT II—BREACH OF IMPLIED CONTRACT

25. GMC incorporates by reference paragraphs 1 through 24 above.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI    Page 5 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 6 of 12

26. Throughout the course of their relationship, GMC provided services to Delaney at Delaney's behest and with the mutual understanding that GMC would perform the civil and earthwork portion of the project for its proposed price if Delaney obtained the project contract award.

27. Delaney did obtain the project contract award, and the facts and circumstances surrounding the parties' relationship created an implied-in-fact contract, notwithstanding the parties' failure to reduce this agreement to writing.

28. Delaney breached its implied-in-fact contract with GMC, including the implied covenant of good faith and fair dealing, when it refused to allow GMC to perform pursuant to the terms of the contract and, instead, chose to self-perform the work.

29. As a proximate result of Delaney's refusal to honor its contract with GMC, GMC has been denied the opportunity to make a margin on its project work.

30. GMC is entitled to recover its lost margin, which is in the approximate amount of $1.6 million.

## COUNT III—PROMISSORY ESTOPPEL

31. GMC incorporates by reference paragraphs 1 through 30 above.

32. Throughout the course of their relationship, a fundamental understanding between the parties was that if Delaney was awarded the project prime contract, GMC would be awarded the civil and earthwork portion of the project work.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI    Page 6 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 7 of 12

33. In reliance upon this understanding, GMC devoted substantial time and resources toward the pursuit of this project and, upon project award to Delaney, mobilized equipment to the project and ignored other bidding opportunities.

34. Delaney received a substantial benefit from GMC's efforts in that Delaney was able to use GMC's pre-bid efforts including pricing to obtain the contract with CIRI.

35. As a consequence of Delaney's refusal to honor their agreement with GMC, GMC has suffered substantial damages in the form of direct costs of project participation, idle and stranded equipment costs, and lost business opportunities.

36. As a further consequence of GMC's actions and Delaney's refusal to honor the agreement with GMC, Delaney has unjustly obtained the benefit of the lost margin which GMC would have made had Delaney honored its agreement.

37. In the interest of justice, Delaney should be estopped from denying the existence of a binding contract between it and GMC.

38. Delaney breached this contract when it refused to allow GMC to perform pursuant to the terms of the contract and, instead, chose to self-perform the work and obtain the benefit of GMC's lost margin.

39. GMC is entitled to recover the amounts Delaney unjustly obtained by refusing to honor the contract, i.e. the lost margin, which is in the approximate amount of $1.6 million.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI   Page 7 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 8 of 12

## COUNT IV—QUASI CONTRACT/UNJUST ENRICHMENT

40. GMC incorporates by reference paragraphs 1 through 39 above.

41. During the course of their relationship, GMC conferred a benefit upon Delaney in the form of use of its reputation and its work on the civil, earthwork, and logistics portions of the project as well as local customs expertise that were integral to Delaney in obtaining the project prime contract.

42. Delaney recognized and appreciated the benefits that GMC was providing and both parties understood that the quid pro quo for the receipt of GMC's benefits by Delaney was that GMC would receive the civil and earthwork portion of the project contract.

43. Rather than honoring that agreement, Delaney took the civil and earthwork portion of the project contract for itself at the price that GMC had provided, leaving GMC with nothing, while obtaining for itself GMC's projected margin, as well as all of the expertise that GMC had previously provided to assist Delaney in obtaining the project contract.

44. Such action on the part of Delaney was unconscionable and GMC is entitled to recover the amount that Delaney has been unjustly enriched, which includes without limitation, the lost margin, in the approximate amount of $1.6 million, as well as the value of the expertise GMC provided which enabled Delaney to obtain the project prime contract.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI    Page 8 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 9 of 12

## COUNT V—UNFAIR TRADE PRACTICES

45. GMC incorporates by reference paragraphs 1 through 44 above.

46. Delaney's actions with respect to GMC constitute an unfair act or practice as that term is used in AS 45.50.471-561 insofar as Delaney's use of GMC's reputation, knowledge and expertise to obtain a contract with the understanding that GMC would obtain a subcontract for that use, and then failing to award GMC such subcontract and instead self-performing the work has the capacity or tendency to deceive.

47. Such actions caused GMC injury in the form of direct project costs, idle and stranded equipment and lost business opportunity, as well as the margin lost from the project work.

48. Such act is unfair, unethical, unscrupulous, and causes substantial injury to competitors or other businesses, *e.g.* GMC.

49. GMC is entitled to recover the damages caused by Delaney's unfair trade practice, which damages include without limitation, its lost margin in the approximate amount of $1.6 million.

50. Pursuant to AS 45.50.531, GMC is also entitled to a trebling of the damages since GMC has suffered an ascertainable loss of money as a result of Delaney's unlawful acts and practices.

51. Pursuant to AS 45.50.537, GMC is also entitled to recover its actual reasonable attorneys' fees.

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI      Page 9 of 10
97842.0006
Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 10 of 12

Wherefore, GMC prays for the following relief:

A. Judgment for actual damages in an amount not less than $1.6 million dollars, the exact amount of which will be proven at trial.

B. Trebling of those damages pursuant to AS 45.50.531.

C. Actual reasonable attorneys' fees pursuant to AS 45.50.537 and other applicable statutes and civil rules.

D. Costs pursuant to the applicable statutes and civil rules.

Such other relief as the court may deem just and equitable under the circumstances.

Dated: March 29, 2012

OLES MORRISON RINKER & BAKER LLP
Attorneys for Plaintiff GMC Contracting, Inc.

By: _____
Traeger Machetanz
Alaska Bar No. 8411127
Jessy Vasquez
Alaska Bar No. 0911065

97842.0006 - 4850-9650-1519, v. 4

Complaint for Money Damages
*GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech*, Case No. 3AN-12-_____CI    Page 10 of 10
97842.0006

Case 3:12-cv-00092-JWS   Document 1-1   Filed 04/30/12   Page 11 of 12

Traeger Machetanz
Jessy Vasquez
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel:   (907) 258-0106
Fax:  (907) 682-6234

Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

GMC CONTRACTING, INC., an Alaska corporation,

    Plaintiff,

v.

THE DELANEY GROUP, INC. dba TETRA TECH CONSTRUCTION, a New York corporation,

    Defendant.

Case No. 3AN-12-6209 CI

## DEMAND FOR JURY TRIAL

Plaintiff, GMC Contracting, Inc., by and through its counsel of record, Oles Morrison Rinker & Baker LLP hereby demands trial by jury in the above-entitled action.

Dated: March 29, 2012

OLES MORRISON RINKER & BAKER LLP
Attorneys for Plaintiff GMC Contracting, Inc.

By: _____
Traeger Machetanz
Alaska Bar No. 8411127
Jessy Vasquez
Alaska Bar No. 0911065

4850-9650-1519, v. 4

Demand for Jury Trial
GMC Contracting v. The Delaney Group, Inc. dba Tetra Tech, Case No. 3AN-12-6209 CI
97842.0006 97842.0006
Page 1 of 1